UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADDICTION & DETOXIFICATION
INSTITUTE, L.L.C.,

      Plaintiff,

v.

JAMES CARPENTER, RICARDO BORREGO,
and MICHAEL MICHAEL, d/b/a EAGLE
ADVANCEMENT INSTITUTE,

      Defendants.
                                                 /

Case No. 14-10021

Honorable John Corbett O'Meara

## OPINION AND ORDER
## GRANTING DEFENDANTS' MAY 14, 2014 MOTION TO DISMISS AND DENYING PLAINTIFF'S JUNE 11, 2014 MOTION TO AMEND COMPLAINT

This matter came before the court on defendants James Carpenter, Ricardo Borrego and Michael Michael's May 15, 2014 motion to dismiss and plaintiff Addiction & Detoxification Institute's June 11, 2014 motion for leave to file an amended complaint. The issues were fully briefed; and oral argument was heard July 24, 2014.

### BACKGROUND FACTS

Defendant Eagle Advancement Institute ("Eagle") is a Michigan corporation whose officers and directors are defendants James Carpenter, Michael Michael and Ricardo Borrego. Eagle provides substance abuse reversal and abstinence treatments that help patients overcome addiction.

On January 3, 2014, plaintiff Addiction & Detoxification Institute ("ADI") filed suit against Eagle and the individually named defendants, claiming infringement of ADI's Patent No. 5,789,411 ("the 411 Patent"), a method of detoxifying opioid-addicted patients. Defendants contend the '411 Patent requires the step of administering a diarrhea suppressant to a patient and that any potential

infringer must perform that step; however, Defendants insist they do not administer the suppressant, and ADI has not alleged that Defendants do so.

In their motion to dismiss, the individual defendants argue that ADI has not made any allegations in the Complaint sufficient for this court to pierce the corporate veil. In addition, Defendants argue that ADI's indirect infringement claim must be dismissed because ADI failed to plead any facts suggesting that Defendants had the specific intent to cause infringement. Finally, Defendants argue that ADI's willful infringement claim should be dismissed because the Complaint fails to plead any facts suggesting that Defendants knew of the '411 Patent prior to this lawsuit.

In an attempt to cure some of these defects, Plaintiff responded briefly to Defendants' motion and filed a motion for leave to amend the Complaint. Although the Proposed Amended Complaint added a few paragraphs, Plaintiff still has failed to allege, among other things, that Defendants had actual notice of the patent at issue until after this lawsuit was filed.

## **LAW AND ANALYSIS**

"District courts must evaluate complaints alleging direct infringement by reference to Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure." K-Tech Telecomm., Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1279 (Fed. Cir. 2013). Form 18 requires a complaint to contain "a statement that the plaintiff has given the defendant notice of its infringement." In re Bill of Lading Transmission and Sys. Patent Litig., 681 F.3d 1323, 1334 (quoting McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007). This court has previously held

> The language of Form 18 specifically contemplates that plaintiff afford defendants notice of their infringement *before* filing the complaint. Paragraph 4 of Form 18 provides that a sufficient pleading must contain a statement that, "[t]he plaintiff ... *has given* the defendant written notice of the infringement. (emphasis added). The usage of the past tense indicates that notice of infringement must, in fact, precede the complaint in which such a statement appears. Furthermore, plaintiff's interpretation

2

>of Form 18 would render the notice of infringement element completely superfluous as any plaintiff could satisfy this requirement by merely filing suit.

Littlefuse, Inc. v. Pacific Eng'g Corp., 2013 WL 4026918 (E.D. Mich. 2013) at *2.

In its Proposed Amended Complaint, Plaintiff alleges that "Defendants have had constructive notice of [Patent '411] since it issued on August 4, 1998." Prop. Am. Compl. at ¶ 13. The Proposed Amended Complaint also alleges "Defendants Carpenter, Borrego and Michael have had actual knowledge of [Patent '411] since the filing of the original Complaint on January 3, 2014 . . . ." Id. at ¶ 17. Therefore, Plaintiff has failed to meet the requirements of Form 18; and the court will dismiss Plaintiff's direct infringement claim.

Indirect infringement, which Plaintiff has also alleged, is governed by 35 U.S.C. §§ 271(b) and (c). Subsection (b) covers a type of indirect infringement referred to as "induced infringement" and provides that whomever "actively induces infringement of a patent shall be liable as an infringer."[1] Liability for indirect infringement requires specific intent. In other words, the accused indirect infringer must act with knowledge that its conduct will cause an act of direct infringement. See Akamai Tech., Inc. v. Limelight Networks, Inc., 692 F.3d 1301(Fed. Cir. 2012), *rev'd on other grounds*, 134 S. Ct. 2111 (2014). In order to plead that a party has willfully infringed a patent, the party must have had knowledge of the patent; and post-filing knowledge is not sufficient to support such a claim. Unisone Strategic IP v. Life Tech. Corp., 2013 WL 5729487 (S.D. Cal. Oct. 22, 2013) at *5. Again, the court must grant Defendants' motion to dismiss the indirect infringement claim, as Plaintiff has failed to state facts that allege that Defendants had knowledge of the '411 Patent

---

[1] Section 272(c) covers a second type of indirect infringement referred to as "contributory infringement." It appears that Plaintiff has abandoned this claim in its Proposed Amended Complaint.

3

before this lawsuit was filed and has failed to state facts that allege that Defendants specifically intended to cause infringement.

"While a complaint attacked by a Rule 12 (b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In this case Plaintiff ADI has failed to allege sufficient facts to withstand Defendants' motion to dismiss. Likewise, the Proposed Amended Complaint, although adding a few paragraphs, is merely a formulaic recitation of the elements of Plaintiff's infringement claims. Therefore, granting leave to file the Proposed Amended Complaint would be futile.

## **ORDER**

It is hereby **ORDERED** that plaintiff ADI's June 11, 2014 motion for leave to file an amended complaint is **DENIED.**

It is further **ORDERED** that Defendants' May 14, 2014 motion to dismiss is **GRANTED.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: August 4, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 4, 2014, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager